STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7200
> Laura.Vartain@usdoj.gov
> Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

> 950 Pennsylvania Ave., NW
> Washington, DC 20530
> Tel: (202) 353-3434
> Fax: (202) 233-2146
> Nicholas.Hunter@usdoj.gov
> Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | UNITED STATES' MOTION IN LIMINE NO. 4 |
| v. | MOTION TO EXCLUDE TESTIMONY FROM DEFENDANT'S LABOR LAW EXPERT PROFESSOR JIANG YING |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., | |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................... 1

RELEVANT BACKGROUND .................................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.    Professor Jing Ying's Expert Testimony on PRC Labor Law Is Inadmissible Because Foreign Law Issues Are Issues of Law for the Court and Not Issues of Fact for the Jury ........................................................................................................... 2

    A.    The Advisory Committee's Note to Civil Rule 44.1 Makes Clear that Foreign Law Determinations Are for the Court and Not the Jury ........................ 3

    B.    The Ninth Circuit Consistently Affirms Exclusion of Testimony of Legal Experts ............................................................................................. 4

    C.    Leading Evidence Treatises State that Expert Testimony on Law Is Inadmissible .............................................................................................. 6

II.    Professor Ying's Expert Testimony is Inadmissible Because It Instructs the Jury on Law and Invades the Province of the Court; Tells the Jury What Verdict It Should Reach, thereby Invading the Province of the Jury; and Would Confuse the Jury ........................................................................................... 8

CONCLUSION......................................................................................................................... 9

1

## **TABLE OF AUTHORITIES**

2

3

## **CASES**

4

*Aguilar v. International Longshoremen's Union Local No. 10,*
   966 F.2d 443 (9th Cir. 1992)..................................................................................................4

5

*Animal Science Prods., Inc. v. Hebei Welcome Pharmaceutical Co. Ltd.,*
   585 U.S. ___, 138 S. Ct. 1865 (2018) ...................................................................................3

6

7

*Bank of Nova Scotia v. San Miguel,*
   196 F.2d 950...........................................................................................................................4

8

*Burkhart v. Washington Metro. Area Transit Auth.,*
   112 F.3d 1207 (D.C. Cir. 1997) ............................................................................................9

9

10

*Daniel Lumber Co. v. Empresas Hondurenas, S.A.,*
   215 F.2d 465 (5th Cir. 1954) ................................................................................................4

11

*Enberg v. American Home Assurance,*
   2013 WL 11821480 (D. Mont. Feb. 13, 2013) ....................................................................5

12

13

*G v. Hawaii,*
   2010 WL 1372319 (D. Haw. Apr. 2, 2010) .........................................................................9

14

*Holtz v. Chevron Stations, Inc.,*
   2008 WL 356925 (D. Ore. Feb. 5, 2008)............................................................................6

15

16

*Janson v. Swedish American Line,*
   185 F.2d 212 (1st Cir. 1950) ................................................................................................4

17

*Liechti v. Roche,*
   198 F.2d 174 (5th Cir. 1952) ................................................................................................4

18

19

*Marx v. Diners Club, Inc.,*
   550 F.2d 505 (2d Cir.1977), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977) ...........5

20

21

*Nationwide Transport Finance v. Cass Information Systems, Inc.,*
   523 F.3d 1051 (9th Cir. 2008)..............................................................................................4

22

23

*Pinal Creek Group v. Newmont Mining Corp.,*
   352 F. Supp. 2d 1037 (D. Ariz. 2005) ..................................................................................6

24

*Russell v. Walmart Inc.,*
   2020 WL 9073046 (C.D. Cal. Oct. 16, 2020).......................................................................5

25

26

*Stevens v. Brigham Young University-Idaho,*
   2020 WL 560572 (D. Idaho Feb. 3, 2020) ...........................................................................5

27

28

*United States v. Arvin*,
　900 F.2d 1385 (9th Cir. 1990)................................................................................5

*United States v. Eastern Mun. Water Dist.*,
　2008 WL 4755425 (C.D. Cal. Apr. 8, 2008) .........................................................5

*United States v. McClain*,
　593 F.2d 658..........................................................................................................4

*United States v. Wathne*,
　2008 WL 4344112 (N.D. Cal. Sep. 22, 2008) .......................................................3

*United States v. Weitzenhoff*,
　35 F.3d 1275 (9th Cir. 1993).................................................................................4

*Universe Sales Co. v. Silver Castle, Ltd.*,
　182 F.3d 1036 (9th Cir.1999).................................................................................3

*Valladon v. City of Oakland*,
　2009 WL 585804 (N.D. Cal. Mar. 5, 2009)..........................................................5


**RULES**

Fed. R. Crim. P. 26.1......................................................................................................3

Fed. R. Evid. 702 ...........................................................................................................6

Fed. R. Evid 104(a) ........................................................................................................6

Federal Rule of Civil Procedure 44.1.........................................................................3, 4


**OTHER AUTHORITIES**

KAYE, BERNSTEIN, FERGUSON, WITTLIN & MNOOKIN, THE NEW WIGMORE: A TREATISE ON EVIDENCE –
　EXPERT EVIDENCE § 2.3 (3d ed. 2021) ..............................................................7

12A FED. PROC., L. ED. § 33:600 (Nov. 2021) ...........................................................8

3 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 7.12  (3d ed. 2007).....................6-7

# INTRODUCTION

Determinations of foreign law are legal issues for the court and not factual issues for the jury. Nonetheless, Defendant Fujian Jinhua Integrated Circuit Company, Ltd. ("Jinhua") served notice of its intent to call an expert in People's Republic of China ("PRC") labor law, Professor Jiang Ying, in its case in chief. In addition to explaining PRC labor law to the jury, Professor Jiang would also apply PRC law to the labor contract of one of the individual defendants, J.T. Ho, and opine that Ho is not an employee and therefore that Jinhua is not responsible for his misappropriation of trade secrets.

Because Rule 26.1 of the Federal Rules of Criminal Procedure, Ninth Circuit case law, and leading evidence treatises are unanimous that experts in foreign law may not testify before the jury, the Court should exclude *in limine* Professor Jiang's testimony. That is because the foreign law portion of Professor Jiang's testimony instructs the jury on the law and therefore invades the province of the court to instruct the jury, and Professor Jiang's application of foreign law to the facts of this case simply tells the jurors what verdict they should reach. Accordingly, neither portion of Professor Jiang's proposed testimony is admissible. In sum, only the Court should consider foreign labor law expert reports in this case, and only in the context of preparing its jury instructions.

# RELEVANT BACKGROUND

On September 10 and October 27, 2021, Jinhua's counsel served an expert disclosure and supplemental expert report of PRC labor-law professor Jiang Ying. The expert disclosure notified the government of Jinhua's "intent to introduce expert testimony *at trial* from Professor JIANG Ying." Expert Disclosure of Professor Jiang Ying, Sep. 10, 2021, at 1 (emphasis added) ("Jiang Disclosure"). "Professor Jiang is an expert on Chinese labor law" and "a professor at China University of Labor Relations." *Id*. Based on "a number of documents related to this case" and "facts and other background [provided] orally by counsel," Jinhua tenders law professor Jiang to testify to the jury that one of the named individual defendants, J.T. Ho, was not an employee of Jinhua. *Id*. at 1-2. On that basis, Jinhua would presumably argue that it is not responsible for J.T. Ho's theft of Micron trade secrets.

In rebuttal, on November 15, 2021, the government served an expert report from Professor Yu-

Fan Chiu of the School of Law of the National Yang Ming Chiao Tung University in Taiwan. Professor Chiu opines that PRC and Taiwan choice-of-law rules hold that Taiwan law governs J.T. Ho's labor contract with Jinhua, because that contract specifies that the primary place of work is in "Tainan, Taiwan." Expert Report of Professor Yu-Fan Chiu, Nov. 15, 2021, at 2. Based on Taiwan law, J.T. Ho was a joint employee of Jinhua and defendant United Microelectronics Corporation, Inc. *Id.* at 6-17.

The United States now moves *in limine* to exclude the testimony of labor law experts before the jury and instead confine their opinions, should they become relevant, for consideration by the Court in determining the jury instructions in this case. [1]

## ARGUMENT

### I. Professor Jing Ying's Expert Testimony on PRC Labor Law Is Inadmissible Because Foreign Law Issues Are Issues of Law for the Court and Not Issues of Fact for the Jury

Rule 26.1 of the Federal Rules of Criminal Procedure makes clear that issues of foreign law are issues of law for the court and not issues of fact for the jury. Even if PRC law were relevant (and it is not), Professor Jiang's testimony on PRC labor law is therefore inadmissible as evidence before the jury at trial. It is the office of the court to instruct the jury, not Professor Jiang. What is more, Professor Jiang's application of PRC law to Defendant J.T. Ho's labor contract simply tells the jurors what verdict they should reach, a usurpation of the jury's factfinding role. The law professor's expert testimony is unhelpful, confusing, and therefore inadmissible.

Rule 26.1, like its civil counterpart, Rule 44.1 of the Federal Rules of Civil Procedure, resolved the longstanding split among the federal courts about whether issues of foreign law are issues of law or fact by stating in full:

> A party intending to raise an issue of foreign law must provide the court
> and all parties with reasonable written notice. Issues of foreign law are
> questions of law, but in deciding such issues a court may consider any
> relevant material or source—including testimony—without regard to the

[1] At the appropriate time for consideration of jury instructions, the United States will contend that United States law controls in this United States criminal case. However, if the Court was to decide that it should look to foreign law, the United States will argue that the applicable foreign law should be that of Taiwan. But regardless, the relevant law from the United States, Taiwan, and the PRC is substantially similar, and the United States will contend that the Court should instruct the jury on United States law rather than Taiwan law because there is "no conflict" or a "false conflict" of laws.

1        Federal Rules of Evidence.

2    Fed. Rule Crim. P. 26.1. *See generally Animal Science Prods., Inc. v. Hebei Welcome Pharmaceutical*

3    *Co. Ltd.*, 585 U.S. ___, 138 S. Ct. 1865, 1872-73 & n.4 (2018) (describing common law treatment of

4    foreign law determinations as facts to be pleaded and proved and change in Civil Rule 44.1 and Criminal

5    Rule 26.1 to foreign law determinations as ones of law).

6        Rule 26.1's statements that "[i]ssues of foreign law are questions of law" and that the "*court* may

7    consider any relevant material or source" (emphasis added) compel the conclusion that the court

8    determines foreign law and the jury does not. Three additional sources further substantiate that

9    conclusion: (A) the Advisory Committee's Note to the civil analogue of Criminal Rule 26.1, Federal

10   Rule of Civil Procedure 44.1; (B) decisions within the Ninth Circuit; and (C) leading evidence treatises.

11   **A.      The Advisory Committee's Note to Civil Rule 44.1 Makes Clear that
             Foreign Law Determinations Are for the Court and Not the Jury**

12       The Advisory Committee's note to Criminal Rule 26.1 clarifies that foreign law determinations

13   are "essentially one of law rather than of fact," and explains that "Rule 26.1 is substantially the same as

14   Civil Rule 44.1. A full explanation of the merits and practicability of the rule appears in the Advisory

15   Committee's Note to Civil Rule 44.1." Fed. R. Crim. P. 26.1, Advisory Committee's Note (1966). *See*

16   *United States v. Wathne*, 2008 WL 4344112, *11 (N.D. Cal. Sep. 22, 2008) (Walker, J.) (construing

17   Criminal Rule 26.1 based on Civil Rule 44.1: "As the Ninth Circuit recognized, addressing the nearly

18   identical Rule 44.1 of the Federal Rules of Civil Procedure, 'expert testimony accompanied by extracts

19   from foreign legal materials has been and will likely continue to be the basic mode of proving foreign

20   law.' *Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir.1999).").

21       The Advisory Committee's note to Civil Rule 44.1, in turn, approves the determination of

22   foreign law by the court and not the jury, though it acknowledges that the Rule itself does not go so far:

23           The new rule parallels Article IV of the Uniform Interstate and
24           International Procedure Act, approved by the Commissioners on Uniform
             State Laws in 1962, except that section 4.03 of Article IV states that "[t]he
25           court, not the jury" shall determine foreign law. The new rule does not
             address itself to this problem, since the Rules refrain from allocating
26           functions as between the court and the jury. *See* Rule 38(a). It has long
             been thought, however, that the jury is not the appropriate body to
27           determine issues of foreign law. *See, e.g.*, Story, *Conflict of Laws*, §638
             (1st ed. 1834, 8th ed. 1883); 1 Greenleaf, *Evidence*, §486 (1st ed. 1842,
28           16th ed. 1899); 4 Wigmore, *Evidence* §2558 (1st ed. 1905); 9 id. §2558

UNITED STATES' MOT. IN LIMINE NO. 4
MOT. TO EXCLUDE TESTIMONY FROM DEF.'S LABOR LAW EXPERT
18-CR-00465 MMC                                    3

(3d ed. 1940). The majority of the States have committed such issues to determination by the court. *See* Article 5 of the Uniform Judicial Notice of Foreign Law Act, adopted by twenty-six states, 9A U.L.A. 318 (1957) (Suppl. 1961, at 134); N.Y.Civ.Prac.Law & Rules, R. 4511 (effective Sept. 1, 1963); Wigmore, *loc. cit.* And Federal courts that have considered the problem in recent years have reached the same conclusion without reliance on statute. See *Janson v. Swedish American Line*, 185 F.2d 212, 216 (1st Cir. 1950); *Bank of Nova Scotia v. San Miguel*, 196 F.2d 950, 957, n. 6 (1st Cir. 1952); *Liechti v. Roche*, 198 F.2d 174 (5th Cir. 1952); *Daniel Lumber Co. v. Empresas Hondurenas, S.A*., 215 F.2d 465 (5th Cir. 1954).

Fed. R. Civ. P. 44.1, Advisory Committee's Note (1966). Thus, it is clear that Rule 26.1 contemplates the court, not the jury, as the appropriate entity to decide questions of law, including foreign law. Subsequent case law, described below, supports this conclusion.

### B. The Ninth Circuit Consistently Affirms Exclusion of Testimony of Legal Experts

Trial courts in this Circuit consistently exclude expert testimony on law and the Ninth Circuit consistently affirms their exclusion. *See, e.g.*, *United States v. Chao Fan Xu*, 706.3d 965, 986 (9th Cir. 2013) ("Defendants cite no case law in support of their challenge to the district court's authority to determine foreign law as a predicate to jury determination of guilt on a substantive offense. Given Rule 26.1's express grant of authority to the district court, '[i]t has long been thought . . . that the jury is not the appropriate body to determine issues of foreign law.' *United States v. McClain*, 593 F.2d 658, 669 n. 17 (5th Cir.1979) (internal quotation marks omitted)."); *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058-59 (9th Cir. 2008) (excluding portions of expert report and testimony because it contained legal conclusions which applied various legal rules to the facts of the case; while experts can sometimes use "legal terminology," courts can exclude testimony "instructing the jury on legal issues," and in this case the testimony "not only invaded the province of the trial judge, but constituted erroneous statements of law. In such a case, '[e]xpert testimony . . . would have been not only superfluous but mischievous.'" (ellipses in original)); *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) ("The [district] court's admission of expert testimony on contested issues of law in lieu of instructing the jury was manifestly erroneous."); *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (expert in employment application interpretation should not have testified that definite promise had been made: "Here, the reasonableness and foreseeability of

the casual workers' reliance were matters of law for the court's determination. As such, they were inappropriate subjects for expert testimony. *See Marx v. Diners Club, Inc.,* 550 F.2d 505, 509 (2d Cir.1977) (expert testimony consisting of legal conclusions regarding existence of contract or meaning of its terms not admissible), *cert. denied,* 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977). The district court did not abuse its discretion when it determined that this expert testimony would be 'utterly unhelpful' and was therefore inadmissible."); *United States v. Arvin*, 900 F.2d 1385, 1388-90 (9th Cir. 1990) (affirming exclusion of expert testimony on what makes photo of child pornography lascivious); *Russell v. Walmart Inc.*, 2020 WL 9073046, *4 (C.D. Cal. Oct. 16, 2020) (excluding law professor's testimony because "[m]atters of law are for the court's determination, not that of an expert witness."); *Stevens v. Brigham Young University-Idaho*, 2020 WL 560572 *2 (D. Idaho Feb. 3, 2020) (In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts. Munch's testimony regarding legal standards and their applicability to this case must be excluded." (internal quotations and citations omitted)); *Enberg v. American Home Assurance*, 2013 WL 11821480, at *1 (D. Mont. Feb. 13, 2013) ("Keller is a civil defense attorney retained by Defendants to provide expert testimony on whether Defendants acted reasonably in handling Enberg's workers' compensation claims. Although Mr. Keller is obviously qualified to give opinion testimony on the handling of insurance claims, this Court has consistently prohibited attorneys and legal experts from testifying as to the applicable law and applying the facts of the case to the relevant law. Mr. Keller's expert report reads much like a legal memorandum, making legal conclusions, commenting on the applicable law, and applying the law to the facts. It therefore invades the province of the jury and is properly excluded."); *Valladon v. City of Oakland*, 2009 WL 585804, *3 (N.D. Cal. Mar. 5, 2009) (Illston, J.) ("However, [legal expert] Ms. [Judith E.] Kramer's report as drafted, and hence her anticipated testimony, was effectively a surrogate for legal instructions to the jury. This is not allowable."); *United States v. Eastern Mun. Water Dist.*, 2008 WL 4755425, *2 (C.D. Cal. Apr. 8, 2008) ("Mr. Wilson first describes California's law of appropriative rights and discusses whether Plaintiffs have a legal right to appropriate SMR water. This amounts to legal expert testimony concerning what the law is and how it should be applied to the facts of this case and is

1   therefore excluded."); *Holtz v. Chevron Stations, Inc.*, 2008 WL 356925, *2 (D. Ore. Feb. 5, 2008)

2   ("The Court notes legal experts are not generally permitted to testify as to legal standards at issue in a

3   case because it is for the Court to determine the law and to instruct the jury accordingly. The Court,

4   therefore, GRANTS Defendant's Motion to Exclude Expert Testimony subject to consideration of the

5   appropriate means of instructing the jury as to the applicable legal standards."); *Pinal Creek Group v.*

6   *Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043-44 (D. Ariz. 2005) ("Consistent with the foregoing

7   opinions, the Ninth Circuit has also excluded legal expert testimony concerning both what the law is and

8   how it should be applied to the facts of a case"; excluding testimony of law four law professors because

9   the disclosures "read[] more like a legal brief than an expert report," but permitting limited testimony on

10  corporate norms).

11       The overwhelming volume, weight, and clarity of these judicial decisions make it clear that a

12  legal expert should not testify before the jury. Legal scholars, as described below, also agree.

13       **C.    Leading Evidence Treatises State that Expert Testimony on Law Is Inadmissible**

14       Even on legal opinions other than foreign law, leading evidence treatises explain that expert legal

15  testimony is inadmissible because it invades the province of the court to instruct the jury and the jury to

16  decide the facts without an expert telling it what verdict to reach.

17       For example, Professors Christopher B. Mueller and Laird C. Kirkpatrick survey the circuits and

18  explain that expert testimony on law is "largely inadmissible":

19  
20              Expert testimony on points of law is largely inadmissible because it is not
             helpful under Fed. R. Evid. 702, and abolishing the ultimate issue
             objection did not create a positive ground or basis for such testimony....

21  
22              Questions of nondomestic law are sometimes resolved by taking expert
             testimony, but this process does not involve juries in their factfinding
             mission. The court resolves questions on the content of law (foreign or
23           domestic) under Fed. R. Evid 104(a)....

24              When parties offer expert testimony on the content of law during the
             ordinary course of trial, it is properly rejected, and courts often say that
25           such testimony is not helpful or would interfere with the court's
             responsibility and cloud or confuse the issues for a jury....

26              More common than expert testimony on points of pure doctrine is expert
27           testimony on what can best be called mixed questions of law and fact, or
             the application of law to fact. Sometimes such testimony amounts to a
             thinly disguised attempt to tell the jury what verdict to reach, and it is
28           properly excluded despite the abolition of the ultimate issue objection.

3 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 7.12, at 878-80 (3d ed. 2007) (footnotes omitted).

The latest edition of *Wigmore on Evidence* similarly concludes that expert testimony on law is "almost always excluded":

> Expert testimony that states "an opinion on the current status of the law on a particular subject is … almost always excluded" because it is not helpful to the jury. As a commentator explains:
>
> > It is not the jury's function to determine the law; the jury thus has no need to hear conflicting testimony on the proper interpretation of the law. In fact, such conflicting legal testimony could be harmful…. Conflicting expert legal testimony or any legal testimony not in conformity with the judge's formulation of the law fails to meet the helpfulness standard and should be excluded….
>
> With occasional anomalous exceptions, the rule barring testimony containing a legal conclusion applies to expert testimony, which should be excluded as unhelpful to the jury under Rules 702 and 403. With regard to Rule 702, "[t]he judge is the proper party to provide instruction on the law to the jury; and because the jury is instructed to apply the law as set forth by the judge, the testimony by an expert upon the laws by definition cannot be of any assistance to the jury. On the Rule 403 issue, one scholar comments:
>
> > If the expert testifies on the law and the testimony is not consistent with the judge's instructions, then the expert's testimony acts simply to confuse and mislead the jury. Furthermore, because the job of instructing the jury on the law belongs to the judge, even expert legal testimony that coincides with the judge's instruction serves merely to waste the time of the court and jury and, therefore, should be excluded.

KAYE, BERNSTEIN, FERGUSON, WITTLIN & MNOOKIN, THE NEW WIGMORE: A TREATISE ON EVIDENCE – EXPERT EVIDENCE § 2.3, at 68-70 (3d ed. 2021) (quotations, internal omissions, and revisions in original; footnotes omitted).

Professor Brodin and Judge McLaughlin in *Weinstein's Federal Evidence* concur on the inadmissibility of expert testimony on law:

> Expert testimony is not admissible to inform the trier of fact as to the law that it will be instructed to apply to the facts in deciding the case. That is a matter reserved exclusively for the trial judge. Expert witnesses are also prohibited from drawing legal conclusions, because they are the province of the trier of fact.

4 BRODIN & MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE § 702.03[3], at 702-56.3 (2021).

Finally, the latest edition of *Federal Procedure, Lawyer's Edition,* also agrees on these points:

1

2

3

> Under federal civil and criminal rules of procedure, the court's determination of an issue of foreign law is to be treated as a ruling on a question of "law," not "fact." These provisions making the determination of foreign law a question of law change the prerule position that such determination was a question of fact.

4

5

6

7

8

> The fact that an expert's opinion with respect to interpretation of a foreign law conflicts with the court's opinion does not automatically create an issue of fact requiring a trial, since the court's determination of the issue of foreign law is treated as a ruling on a question of law under the federal rules of procedure, and is therefore a matter left to the determination of the court. Moreover, although the law of a foreign jurisdiction may be proved as a fact, it is the function of the court and not that of a jury to determine the state of the foreign law from the proof presented on the issue.

12A FED. PROC., L. ED. § 33:600 (Nov. 2021) (footnotes omitted).

9

10

11

12

     In sum, the Rules of Criminal Procedure, Ninth Circuit case law, and learned treatises are uniform in excluding legal expert testimony before a jury. As described below, the proposed testimony of defendant Jinhua's legal expert runs afoul of all of these authorities.

13

**II.**    **Professor Ying's Expert Testimony is Inadmissible Because It Instructs the Jury on Law and Invades the Province of the Court; Tells the Jury What Verdict It Should Reach, thereby Invading the Province of the Jury; and Would Confuse the Jury**

14

15

16

17

18

19

20

21

22

23

24

     Professor Jiang's expert disclosure and supplemental expert report demonstrate not only that she would invade the province of the court and jury, but also that her proposed testimony would thoroughly confuse the jury. Professor Jiang's disclosure states that Jinhua asked her to opine on only two questions: first, the factors that determine an employment relationship "under Chinese law;" and second, whether J.T. Ho was "an employee of Jinhua during the relevant time period." Jiang Disclosure at 1. The proposed testimony on the first subject instructs the jury on law and invades the province of this Court. The proposed testimony on the second subject tells the jury what its conclusion should be on an issue of fact and thus whether it should find Jinhua is guilty of the theft of Micron's trade secrets. As described at length above, both of Professor Jiang's proposed subjects of testimony should be excluded because they fall into the heartland of what the Rules of Criminal Procedure, Ninth Circuit case law, and learned treatises unanimously agree should be excluded.

25

26

27

28

     What is more, Professor Jiang's recitation of PRC labor law consists of three layers of multi-factor tests that would confuse an attentive lawyer, let alone a lay juror. Professor Jiang opines that the existence of an employment relationship depends on three factors. Jiang Disclosure at 2. The third

1   factor, subordination, itself is depends on three more factors. *Id.* at 6. The three subordination factors, in

2   turn, themselves depend on five, three, and four factors respectively. *Id.* at 7-10. To illustrate the

3   application of three layers of nested multi-factor *ad hoc* balancing tests, Professor Jiang quotes several

4   PRC judicial decisions. The jury should not suffer a law professor's lecture on five multi-factor legal

5   tests. Instead, it is for the Court to issue clear jury instructions on the applicable law without the

6   interference of the confusing testimony of a legal expert. As the Court of Appeals for the District of

7   Columbia succinctly put the issue: "Each courtroom comes equipped with a "legal expert," called a

8   judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v.*

9   *Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997); a*ccord G v. Hawaii*, 2010

10  WL 1372319, at *2 (D. Haw. Apr. 2, 2010).

11

12                                    **CONCLUSION**

13          For the reasons set forth above, the United States respectfully requests that the Court grant the

14  United States' Motion *in Limine* and issue an order excluding the expert testimony of Professor Jiang

15  Ying. If Professor Jiang's testimony is excluded, the testimony of the government's labor-law expert,

16  Professor Yu-Fan Chiu, would not be admitted, because the government proffers Professor Chiu's

17  testimony solely to rebut Professor Jiang's testimony. Although the reports and testimony of both law

18  professors would be excluded at trial, they could be considered by the Court in preparing its jury

19  instructions.

20  Dated: December 1, 2021                    Respectfully Submitted,

21                                             STEPHANIE M. HINDS

22                                             Acting United States Attorney

23                                              */s/ Stephen Marzen*
                                               LAURA VARTAIN HORN

24                                             NICHOLAS WALSH
                                               Assistant United States Attorneys

25

26                                             NICHOLAS O. HUNTER
                                               STEPHEN MARZEN

27                                             Trial Attorneys, National Security Division

28