1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4
5  LAURA VARTAIN HORN (CABN 258485)
   NICHOLAS WALSH (CABN 314290)
6  Assistant United States Attorneys

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
8       Telephone: (415) 436-7200
        Laura.Vartain@usdoj.gov
9       Nicholas.Walsh@usdoj.gov

10 NICHOLAS O. HUNTER (DCBN 1022355)
   STEPHEN MARZEN (NYBN 2007094)
11 Trial Attorneys, National Security Division

12     950 Pennsylvania Ave., NW
       Washington, DC 20530
13     Tel: (202) 353-3434
       Fax: (202) 233-2146
14     Nicholas.Hunter@usdoj.gov
       Stephen.Marzen@usdoj.gov
15
16 Attorneys for United States of America

17
18                    UNITED STATES DISTRICT COURT
19                  NORTHERN DISTRICT OF CALIFORNIA
20                       SAN FRANCISCO DIVISION
21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 18-CR-00465 MMC |
| Plaintiff, ) | UNITED STATES' MOTION IN LIMINE NO. 5: |
| v. ) | MOTION TO PROTECT TRADE SECRETS AT TRIAL |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., ) | |
| Defendant. ) | |

## INTRODUCTION

Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") is charged with one count of conspiracy to commit economic espionage, in violation of 18 U.S.C. § 1831(a)(5); one count of conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(5); and one count of economic espionage (receiving and possessing stolen trade secrets), in violation of 18 U.S.C. § 1831(a)(3) and (2).  The parties are set to appear on January 18, 2022, for the Pretrial Conference.  Trial is scheduled for February 14, 2022.  The United States now files its Motion *in Limine* No. 5.

## ARGUMENT

### I.   The Victim's Trade Secrets Should be Protected During Trial.

The United States files this motion to seek an order from the Court requiring the parties to protect the trade secrets and other confidential information that is the subject of this case during the trial, which is open to the public.  Failure to take reasonable steps to protect the trade secrets at issue in this case would redouble the harm already inflicted on the victim.

In this case, the United States has alleged that the defendants conspired to steal and stole no less than eight trade secrets of the victim company, Micron Technology, Inc. ("Micron").  *See* Indictment, Dkt. 1, ¶ 12 (identifying the trade secrets); Bill of Particulars, Dkt. 203, ¶¶ 1-15 (further identifying the trade secrets).  As a result, the United States anticipates that these trade secrets, and other confidential information related to the trade secrets, will be at issue in the trial, admitted as exhibits to the jury, and discussed by various witnesses.

As the Court knows well, trade secrets are defined as:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, programs, devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if:
>
> (1) the information is actually secret because it is not generally known to or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information;
>
> (2) the owner thereof has taken reasonable measures to keep such information secret; and

        (3) the information derives independent economic value, actual or potential, from being secret.

*Ninth Circuit Model Criminal Jury Instructions*, § 8.141.C (July 20210 ed., *approved* June 2021); see also *United States v. Liew*, 856 F.3d 585, 597 (9th Cir. 2017); *United States v. Chung*, 659 F.3d 815, 824-25 (9th Cir. 2011). Core to those three elements is the concept that the information is secret and that the owner of the trade secrets has taken reasonable measures to keep the information secret.

      A criminal trial is open to the public, and in the usual course, evidence is published not only to the jury but to the gallery, and transcripts are taken of the testimony and made available to the public. At the same time, the victim's interest in preventing further exposure of the trade secrets is significant. Congress recognized this dilemma and amended the Economic Espionage Act of 1996 by passing the Defend Trade Secrets Act of 2016, empowering the district courts, to the extent they did not already possess such powers, to prevent such harms:

> In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws.

18 U.S.C. § 1835(a). Accordingly, the United States seeks an order setting out procedures to protect Micron's trade secrets at trial from unnecessary disclosure to the public.

## II.    The Precise Procedures for Protecting the Trade Secrets and Other Confidential Information in this Trial Should be Crafted with Input from the Court.

      The United States has reached out to Defendant Jinhua to attempt to agree on procedures for protecting the trade secrets in this case. But regardless of the position Defendant Jinhua might take, the parties cannot effectively craft a set of procedures without consulting with the Court about how the Court wishes to proceed in this regard. The United States proposes that at the very least:

        (1) any exhibits containing alleged trade secrets not be published to the gallery; and,

        (2) any testimony taken about the alleged trade secrets, either on direct or by cross examination, be kept to a sufficient level of generality that would prevent the public from discerning the substance of the trade secrets, either by listening in the gallery or reading the transcripts (for example, rather than reading out a specific chemical name or numerical value, the questioner or witness might simply say "a certain chemical" or "a certain number" or similar, so that the jury may follow the testimony and yet the specific information is kept from the public).

1  Other potential steps that the parties might take is the sealing of exhibits and, even, the closure of the
2  courtroom, although the United States believes such a step should be unnecessary in this trial if other,
3  less drastic measures, are taken. *See, e.g., United States v. Zhang*, 590 F. App'x 663, 667 (9th Cir.
4  2014) (in a criminal theft of trade secrets case, affirming district court's (Whyte, J., N.D. Cal.) decision
5  to close the courtroom for one witness's testimony "about the contents of the very documents that the
6  government alleged to contain trade secrets").

7       The proposed steps are appropriate for a trial containing trade secrets subject to any
8  modifications or additions the Court wishes to impose.

## CONCLUSION

11       For the reasons set forth above, the United States respectfully requests that the Court grant the
12  United States' Motion *in Limine* and issue an order requiring: (1) any exhibits containing alleged trade
13  secrets not be published to the gallery; (2) any testimony taken about alleged trade secrets, either on
14  direct or by cross examination, be kept to a sufficient level of generality that would prevent the public
15  from discerning the substance of the trade secrets, either by listening in the gallery or reading the
16  transcripts; and / or (3) any other relief the Court deems just and meet.

18  Dated: December 1, 2021            Respectfully Submitted,

19                                         STEPHANIE M. HINDS
                                       Acting United States Attorney

21                                         */s/ Nicholas Walsh*
22                                         LAURA VARTAIN HORN
                                       NICHOLAS WALSH
                                       Assistant United States Attorneys

24                                         NICHOLAS O. HUNTER
                                       STEPHEN MARZEN
                                       Trial Attorneys, National Security Division