1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   TOM COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  LAURA VARTAIN HORN (CABN 258485)
   NICHOLAS WALSH (CABN 314290)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        Laura.Vartain@usdoj.gov
8       Nicholas.Walsh@usdoj.gov

9  NICHOLAS O. HUNTER (DCBN 1022355)
   STEPHEN MARZEN (NYBN 2007094)
10 Trial Attorneys, National Security Division

11      950 Pennsylvania Ave., NW
        Washington, DC 20530
12      Tel: (202) 353-3434
        Fax: (202) 233-2146
13      Nicholas.Hunter@usdoj.gov
        Stephen.Marzen@usdoj.gov
14
   Attorneys for United States of America

15

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | UNITED STATES' PARTIAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE THE EXPERT TESTIMONY OF DR. ADAM M. SEGAL |
| v. | |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | The Honorable Maxine M. Chesney Pretrial Conf: January 18, 2022, at 10:00 am Courtroom 7, 19th Floor |
| Defendant. | |

25

26

27

28

1

# CONTENTS

INTRODUCTION ................................................................................................................1

LEGAL STANDARD........................................................................................................1

THE PROPOSED TESTIMONY OF DR. SEGAL.........................................................2

ARGUMENT .....................................................................................................................3

    I.      The United States Agrees to Limit Dr. Segal's Testimony to Remedy Jinhua's
           Objections to Dr. Segal's Proposed Testimony ........................................................3

    II.     So Limited, Dr. Segal's Testimony is Admissible and Has Been Allowed in
           Other Similar Cases .................................................................................................5

CONCLUSION...................................................................................................................6

**INTRODUCTION**

The United States agrees to limit the testimony of Dr. Adam M. Segal to eliminate any possibility of invading the role of the jury or encouraging the jury to make improper inferences, as described below.  However, Defendant Fujian Jinhua Integrated Circuit Co., Ltd ("Jinhua"), improperly seeks to exclude *all* of Dr. Segal's testimony, despite the fact that the testimony the United States intends to offer – basic information about the government of the People's Republic of China, the history of the semiconductor industry in the People's Republic of China, and the structure of Jinhua's ownership – are all outside of the common knowledge of a lay juror and thus in the heartland of an expert like Dr. Segal.  The United States therefore opposes Jinhua's Motion in Limine No. 2 to the extent that it wrongly seeks to exclude Dr. Segal's testimony entirely.

**LEGAL STANDARD**

Under Federal Rule of Evidence 702, an expert may testify if, among other things, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Trial judges are charged with the responsibility of acting as "gatekeepers" to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).

The Supreme Court has established a two-part analysis for determining whether expert testimony is admissible: (1) the trial court must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue, *i.e.*, whether the proffered testimony is reliable; and (2) the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002).  The second prong of the analysis, the "fit" requirement, requires the court to ensure that the proposed expert testimony is "relevant to the task at hand," *i.e.*, that it "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

**THE PROPOSED TESTIMONY OF DR. SEGAL**

The United States proposes to have Dr. Segal testify in conformity with his disclosures and as limited by the agreements contained in this document.  That testimony would consist of:

1) A description of the structure of government in the People's Republic of China, noting the local and central government structures, the roles of government officials and the Chinese Communist Party, and Socialist economic structure of the country that involves centralized economic planning through "five year plans" and allows for government-owned entities; *see, e.g.,* Dkt. 244-2 (Segal Expert Report) at USEXPERT_SEGAL_00000006 to USEXPERT_SEGAL_00000008;

2) Why the People's Republic of China wants to develop an independent, domestic semiconductor industry (without reference to misappropriation of trade secrets); *see, e.g., id.* at USEXPERT_SEGAL_00000007 to USEXPERT_SEGAL_00000009;

3) The People's Republic of China's long history of trying to develop an independent, domestic semiconductor industry (without reference to misappropriation of trade secrets); *see, e.g., id.* at USEXPERT_SEGAL_00000009 to USEXPERT_SEGAL_00000010; and

4) A discussion specifically focused on Jinhua's ownership, investors, and funding sources, as well as objective indications of support specifically for Jinhua from People's Republic of China government officials, entities, and programs.  *See, e.g., id.* at USEXPERT_SEGAL_00000006 to USEXPERT_SEGAL_00000007.

These topics are precisely what an expert like Dr. Segal knows through his long expertise in the field and are also plainly outside the knowledge of lay jurors.  Without this foundational information, the jury would be left to guess about how the People's Republic of China operates, or worse, use their own individualized impressions and biases to resolve how the People's Republic of China operates.

As described below, there is also nothing inadmissible about this proposed testimony, as the testimony will help the jury to understand the evidence and determine facts in issue, it is clearly relevant to the task at hand, and logically advances a material aspect of the United States' case.

1

**ARGUMENT**

2     At the outset, it is important to focus on the precise nature of Jinhua's objections to Dr. Segal's

3   proposed testimony.  Jinhua has not challenged Dr. Segal's credentials, experience, basis of knowledge,

4   or expertise in the field.  Jinhua has not challenged that Dr. Segal's proposed testimony is the product of

5   reliable principles or methods.   Jinhua has not challenged Dr. Segal's application of those same reliable

6   principles or methods to the facts of the case.  *See generally* Fed. R. Evid. 702.

7     Instead, Jinhua focuses on the content of Dr. Segal's proposed testimony.  Jinhua contends that

8   Dr. Segal's proposed testimony "will not assist the jury or the finder of fact . . . ," "is irrelevant to the

9   charges against Jinhua . . .," and its "probative value, if any, is substantially outweighed by the risk of

10  unfair prejudice or confusing the jury."  Dkt. 244 at 4.  Those content objections are easily addressed

11  through the simple limiting agreements set out below.

12  **I.    The United States Agrees to Limit Dr. Segal's Testimony to Remedy Jinhua's Objections to Dr. Segal's Proposed Testimony**

13    Jinhua raises three main objections to the content of Dr. Segal's proposed testimony: (1) that Dr.

14-15  Segal's opinion that Jinhua is a "foreign instrumentality" usurps the jury's role in determining ultimate facts; (2) that Dr. Segal's opinion that the People's Republic of China "is indifferent to how it acquires

16  foreign technology" appeals to the potential biases of the jurors; and (3) that Dr. Segal's opinion that the

17-18  People's Republic of China's governmental support for a domestic semiconductor industry is likely damaging to innovation of the global semiconductor industry as a whole also appeals to the potential

19-20  biases of the jurors.  Dkt. 244 at 1, 5-6; 2, 9-10.  The United States will not, and has never intended to, invade the province of the jury or to appeal to any potential biases of jurors.  Thus, to avoid any

21-22  unnecessary issues in the record, the United States agrees not to elicit testimony from Dr. Segal that:

23    1) Jinhua is a "foreign instrumentality;"

24-25    2) the People's Republic of China "is indifferent to how it acquires foreign technology" or otherwise testify that the People's Republic of China supports the misappropriation of intellectual property; and,

26-27    3) the People's Republic of China's governmental support for a domestic semiconductor industry is likely damaging to innovation of the global semiconductor industry as a whole.

28

1    Those agreements resolve Jinhua's main objections.

2          As to the first agreement, Dr. Segal will only testify as to the definitional elements of "foreign

3    instrumentality," *as applied specifically to Jinhua*, and as described in his disclosure, without offering a

4    conclusion as to whether Jinhua is in fact a "foreign instrumentality," as defined.[1]  *Cf. United States v.*

5    *Pangang Grp. Co.,* 879 F. Supp. 2d 1052, 1057 (N.D. Cal. 2012) (White, J.) (excluding certain

6    paragraphs of a declaration "about the structure of corporations in the PRC, in general, and which are

7    not directed to the Pangang Defendants specifically.").  Thus, Dr. Segal will not invade the province of

8    the jury and the jury will be allowed to make its own conclusions based on the evidence elicited at trial

9    from other witnesses and documents as well as through Dr. Segal.

10         As to the second agreement, Dr. Segal will testify, as described in his disclosure, about why the

11   People's Republic of China wants to establish a domestic semiconductor industry and the People's

12   Republic of China's long history of attempting to establish an independent domestic semiconductor

13   industry.  Those topics require a deep expertise in the history of the People's Republic of China, the

14   country's governmental structure and series of "five year plans" that are outside the knowledge of a lay

15   juror.  Dr. Segal's proposed testimony on those topics will thus unquestionably "help the trier of fact to

16   understand the evidence or determine a fact in issue."  Fed. R. Evid. 702.  The evidence at trial will be

17   extensive about the semiconductor industry in general and in Taiwan and the People's Republic of

18   China.  Dr. Segal's general background information will help the jury understand the evidence in the

19   case and place it in context.  Moreover, Dr. Segal's testimony about the structure of government in the

20   People's Republic of China is directly on point of a fact in issue: whether Jinhua is a "foreign

21   instrumentality" as defined.

22         As to the third agreement, Dr. Segal will not testify the People's Republic of China's

23   governmental support for a domestic semiconductor industry is likely damaging to innovation of the

24   global semiconductor industry as a whole, thus obviating any possibility of harm to Jinhua.

25

26   _____
     [1] "Foreign instrumentality" is defined as "any agency, bureau, ministry, component, institution,
27   association, or any legal, commercial, or business organization, corporation, firm, or entity that is
     substantially owned, controlled, sponsored, commanded, managed, or dominated by a foreign
28   government."  18 U.S.C. § 1839(1).

UNITED STATES' PARTIAL OPP.                    4
TO DEF.'S MOT. IN LIMINE NO. 2
18-CR-00465 MMC

## II.     So Limited, Dr. Segal's Testimony is Admissible and Has Been Allowed in Other Similar Cases

Once these limitations are placed on the testimony of Dr. Segal, his proposed testimony as described in his disclosure is unobjectionable under the Federal Rules of Evidence 702, 401, 402, and 403.  The recently concluded economic espionage trial *United States v. You*, 19-CR-14 (E.D. Tenn. 2021) is instructive.  In that case, as here, the defendant was charged with economic espionage and related counts, and the alleged foreign government or instrumentality was the People's Republic of China through talent programs.  There, as here, the defendant moved to exclude the government's expert on the Chinese Political Party, as he was styled in that matter, whose proffered testimony was similar in many respects to what Dr. Segal's anticipated testimony would be in this case.  The Court denied the defendant's motion for reasons that are equally applicable to this matter:

> While the actual talent program applications will be useful in determining the factual circumstances of this case, they are otherwise of little utility to a lay jury without any context. Without any expert testimony, the jury will lack a complete understanding of the talent programs' significance within China, and the talent programs' role and purpose in the PRC's greater goal of cutting-edge technology acquisition.

*United States v. You*, 534 F. Supp. 3d 880, 884 (E.D. Tenn. 2021).  So too here.  Without any expert testimony providing context to the jury in this case, the jury would be adrift in assessing the evidence introduced by other witnesses in the case about whether Jinhua is or is not a "foreign instrumentality."  The Court went further:

> Furthermore, an American jury, while very familiar with our structure of government, might not be as familiar with the inner workings of a modern day one-party Socialist republic, like the PRC, and will find [the expert's] proposed testimony helpful to understand the dynamic between the national governing body and local provincial authorities in the PRC's governmental system. [The expert's] testimony delves into a subject beyond a typical lay witness's knowledge and will assist the jury in determining whether the Thousand Talents and Yishi-Yiyi Talent Programs were conduits for the Chinese government to acquire foreign technology. Further, the testimony will help the jury determine if the defendant acted with the intent to benefit a foreign government, instrumentality, or agent. *See* 18 U.S.C. § 1831.

*Id.* at 884–85.  These are the same types of testimony sought to be introduced in the instant case about Jinhua and whether it is a "foreign instrumentality."  The United States will not offer any testimony through Dr. Segal outside of the scope described herein.

1    Finally, the United States is aware of at least two economic espionage cases in the Northern

2  District of California in which experts testified in the nature of Dr. Segal's proposed testimony, although

3  there do not appear to be written decisions on the issue.  *See United States v. Chen*, 17-CR-00603 BLF

4  (2021) (Freeman, J.) (defendant's expert testified on intellectual property in the People's Republic of

5  China); *United States v. Zhang*, 15-CR-00106 EJD (2020) (Davila, J.) (government's expert testified in

6  bench trial on intellectual property in the People's Republic of China and regarding the defendant).

7

8                                    **CONCLUSION**

9    For the reasons set out above, the United States respectfully requests that the Court deny Jinhua's

10  Motion in Limine No. 2 and instead issue an order that sets out the United States' agreement to limit the

11  testimony of Dr. Segal while permitting Dr. Segal to testify in the manner that experts like Dr. Segal

12  have testified in other similar economic espionage cases.  Such a resolution balances the parties interests

13  and is mete and just.

14

15  Dated: December 22, 2021                     Respectfully Submitted,

16                                               STEPHANIE M. HINDS
                                                 Acting United States Attorney
17

18                                                      /s/
                                                 _____
19                                               LAURA VARTAIN HORN
                                                 NICHOLAS WALSH
20                                               Assistant United States Attorneys

21                                               NICHOLAS O. HUNTER
                                                 STEPHEN MARZEN
22                                               Trial Attorneys, National Security Division

23

24

25

26

27

28