STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
|     Plaintiff, | JOINT PRETRIAL CONFERENCE STATEMENT |
|     v. | The Honorable Maxine M. Chesney |
| | Pretrial Conf: January 18, 2022, at 10:00 am |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | Courtroom 7, 19th Floor |
|     Defendant. | |

1   The United States and defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua")

2   (collectively, the "Parties"), by and through their undersigned counsel, hereby submit their pretrial

3   conference statement pursuant to the Northern District of California Local Criminal Rule 17-1(b). Jinhua

4   is charged with one count of conspiracy to commit economic espionage, in violation of 18 U.S.C. §

5   1831(a)(5); one count of conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. §

6   1832(a)(5); and one count of economic espionage (receiving and possessing stolen trade secrets), in

7   violation of 18 U.S.C. § 1831(a)(3) and (2). The parties are set to appear on January 18, 2022, at 10:00

8   a.m. for the Pretrial Conference. Trial is scheduled to begin on February 14, 2022.

9

10   **CRIMINAL LOCAL RULE 17.1-1(B) STATEMENTS**

11   **(1)**    **Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

12

13   The United States' Statement: The United States has disclosed and produced to Jinhua

14   statements and reports of witnesses it intends to call at trial.  The United States has complied with the

15   Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under

16   *Brady v. Maryland*, 373 U.S. 83 (1963).

17   In preparing for trial, the United States is continuing to interview witnesses and to obtain and

18   review evidence.  The United States recognizes and will comply with its ongoing obligation to provide

19   the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405

20   U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931

21   F.2d 29 (9th Cir. 1991).

22   Jinhua's Statement:  Jinhua is unaware at this time of any Rule 26.2 materials in its possession

23   relating to any individual on its witness list. Jinhua understands the government has represented that it

24   has produced all Jencks materials in its possession. Jinhua further requests that the government produce

25   all Jencks materials the government may subsequently obtain promptly upon obtaining it so that Jinhua

26   can review these materials and prepare for trial prior to the witness testifying.

27   //

28   //

**(2)    Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

The United States will not call any witness at trial who testified before the grand jury.

**(3)    Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

The United States' Statement: The United States has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963).

In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The United States continues to review the materials in its possession for exculpatory or impeachment information.

Jinhua's Statement: Jinhua requests that the government produce any Jencks materials for the individuals on its witness list no later than February 1, 2022.

**(4)    Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The parties do not presently have stipulations to present to the Court. In the event the parties reach agreement, the stipulations will be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the course of the trial.

**(5)    Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

Jinhua is an entity and therefore does not need a Court-appointed interpreter. The United States anticipates calling a number of witnesses that will require a Chinese language interpreter. For those witnesses, the United States will provide a court certified interpreter. Jinhua requests appointment of a court interpreter for any of its current or former employees who may testify, pursuant to Fed. R. Crim. P. 28.

**(6)    Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

The United States anticipates proceeding to trial on the three counts charged against Jinhua. Other than potential evidentiary or factual stipulations, the parties are not aware of any issues that can be eliminated prior to trial.  The parties do not anticipate any issues regarding insanity, alibi, or statute of limitations. Resolution of the parties' motions in limine may further narrow certain issues from the case.

**(7)    Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

The case against Defendant United Microelectronics Corporation ("UMC") has been resolved through a guilty plea. The remaining defendants have not appeared in this case. Thus, Jinhua is the only defendant who has been served and appeared in this case, so there is no need to sever any trial.

**(8)    Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

Identification is not at issue in this trial.  The United States did not use informers during the criminal investigation of the conduct that gave rise to the Indictment.

**(9)    Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

The United States filed its Witness List on December 3, 2021.  The United States respectfully reserves its right to amend that list at any time prior to and during the trial, if necessary.

Jinhua has been ordered to file its witness list no later than January 11, 2022.

On December 29, 2021, Jinhua requested for safe passage for eight witnesses. The United States is considering the requests.

**(10)   Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

The government has provided its exhibit list of exhibits it intends to use in its case in chief. The United States has given notice of Fed. R. Evid. 1006 summary charts (Exhibits P0358 to P0386) and has produced those. Jinhua's exhibit list is due on January 11, 2022. The parties reserve their rights to designate additional exhibits for impeachment, rebuttal, or otherwise, based on how the evidence is presented in the case.

1   The parties have met and conferred with respect to the use of demonstrative exhibits, and have

2   agreed, subject to the Court's approval, to exchange demonstrative exhibits no later than 5:00 p.m. the

3   night before the day on which the exhibit is to be used.

4   No later than January 11, 2022, the parties will provide the Court and each other sets of binders

5   containing copies of the exhibits they may introduce at trial.

6   Should the Court find it useful, the parties are willing to provide to the Court and each other

7   exhibits in binders relevant to specific witnesses shortly before each witness's testimony.

8   **(11)   Pretrial resolution of objections to exhibits or testimony to be offered at trial**

9   The parties filed several motions *in limine* relating to various objections to evidence or testimony

10   expected to be offered at the trial which are pending in front of this Court. To the extent there is an

11   opportunity to resolve additional issues prior to trial with respect to (1) motions *in limine* where a ruling

12   may be deferred; (2) Jinhua's forthcoming witness and exhibit lists; (3) the production of additional

13   discovery from the government; or (4) other disclosures made by the government prior to the trial, the

14   parties will seek to raise those issues promptly and at an appropriate time.

15   The parties also anticipate working together to resolve further objections to exhibits, translations,

16   and testimony before bringing any matters to the attention of the Court.

17   **(12)   Preparation of trial briefs on controverted points of law likely to arise at trial**

18   The parties filed motions *in limine* and Daubert motions on December 1, 2021. By the time of

19   the Pretrial Conference, those motions will be fully briefed and ready for hearing by the Court. The

20   parties do not plan to submit trial briefs before the trial starts, unless the Court requests or requires

21   otherwise. To the extent controverted issues arise during trial, the parties reserve the right to present

22   short briefs to aid the Court's resolution of such issues. If any further issues arise at the pretrial

23   conference or before the trial, the parties may request an opportunity to submit additional briefing on

24   those issues.

25   **(13)   Scheduling of the trial and of witnesses**

26   The United States' Statement: A reasonable estimate for presentation of the United States' case-

27   in-chief is 16 court days, not including time dedicated to jury selection and opening statements.  The

28   United States notes that many of its witnesses are international and travelling from Taiwan.  Depending

1   on the nature of the COVID-19 pandemic at the time of trial, the United States may need to take

2   witnesses out of order or seek other relief from the Court.

3        In order to facilitate an efficient trial and to provide for the orderly resolution of evidentiary

4   issues, the United States proposes that the parties exchange by the close of business (6:00 PM Pacific

5   Time) two court days before a witness is going to be called a list of the anticipated witnesses to be called

6   and the anticipated order of call; however, for Monday testimony, notice will be given by Friday at 6:00

7   PM.

8        Jinhua's Statement: Jinhua notes that, depending on the evidence presented, it may not need to

9   present a defense. However, at this time, based on the government's proposed witness and exhibit list,

10  Jinhua reasonably estimates that its case can be presented in 2-3 weeks, exclusive of jury selection and

11  opening and closing statements.

12       Because the government's witness list (almost 50 witnesses) and exhibit list (almost 1500

13  exhibits) are voluminous, additional time is needed to prepare for cross-examination of the witnesses the

14  government actually calls at trial, including the preparation of exhibit binders and demonstratives to be

15  used in the cross-examination. Accordingly, Jinhua proposes that the parties exchange by close of

16  business (6:00PM Pacific Time) three court days before a witness is going to be called a list of the

17  anticipated witnesses to be called and the anticipated order or call.

18  **(14)   Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir
         dire questions, exercise of peremptory and cause challenges and jury instructions**

19

20       The parties are filing, concurrent with this statement, individual proposed jury questionnaires and

21  voir dire questions, per the order of the Court. The parties respectfully request an opportunity to address

22  prospective jurors directly regarding the voir dire questions.

23       Neither of the parties requests additional peremptory challenges beyond the six provided for the

24  government and ten for the defense under Federal Rule of Criminal Procedure 24(b)(2).

25       The parties are filing joint proposed jury instructions today, per the order of the Court. The

26  parties will indicate the agreed instructions and set out any disputed proposed instructions and/or

27  objections per the order of the Court.

28

JOINT PRETRIAL CONFERENCE STATEMENT      6
18-CR-00465 MMC

1        The parties are prepared to address these submissions and any objections thereto with the Court

2  at the pretrial conference.

3  **(15)    Any other matter which may tend to promote a fair and expeditious trial.**

4

5        Should the Court request it, the parties will be prepared to discuss with the Court at the pretrial

6  conference any modifications to trial procedures or the layout of the courtroom that are necessary in light

7  of the COVID-19 pandemic. The parties anticipate working together to resolve matters in an effort to

8  promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which

9  the parties disagree.

10  Dated: January 4, 2022             Respectfully Submitted,

11                          STEPHANIE M. HINDS
                             United States Attorney

12

13                          /s_____

14                          LAURA VARTAIN HORN
                          NICHOLAS WALSH

15                          Assistant United States Attorneys
                          NICHOLAS O. HUNTER

16                          STEPHEN MARZEN
                          Trial Attorneys, National Security Division

17

18                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

19                          _/s_____

20                          JACK P. DICANIO
                          MATTHEW E. SLOAN

21                          EMILY REITMEIER

22                          Attorneys for Defendant
                          Fujian Jinhua Integrated Circuit Co., Ltd.

23

24

25

26

27

28