STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ADMISSION OF P1168 |
| v. | |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | The Honorable Maxine M. Chesney<br>TRIAL DATE: FEBRUARY 28<br>Courtroom 7, 19th Floor |
| Defendant. | |

Jinhua has asserted that the declaration of Jeff OChen authenticating USB log files under 801(d)(2)(E) is testimonial hearsay barred by the Confrontation Clause, as interpreted by *Crawford v. Washington*, and its progeny. Confrontation rights, however, do not apply to certificates used to self-authenticate evidence under Rule 901. In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)—the case cited by Jinhua during trial—the Court stated: "We do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of a sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." *Id.* 311 n.1. Were the law otherwise, the common practice of certifying documents such as business records through certificates would be unconstitutional. There is no support for such an argument.

Since the Supreme Court decided *Crawford*, courts—including the Ninth Circuit—have held that statements in certifications of authenticity are not testimonial for purposes of the Sixth Amendment right to confrontation.[1] In *United States v. Anekwu*, 695 F.3d 967 (9th Cir. 2012), the court addressed essentially the same argument Jinhua makes now: whether authentication of records based on certificates of authenticity violated the defendant's confrontation rights. As here, the defendant in *Anekwu* argued that the certifications were "solemn declarations or affirmations made for the purpose of establishing or proving some fact." *Id.* at 977 ("Here, the certificates at issues are being used to establish or prove some fact at trial." (internal quotations and citation omitted)). Nonetheless, the *Anekwu* court held that it was not plain error for the court to admit the records. *Anekwu*, 695 F.3d at 977. *See also United States v. Denton*, 944 F.3d 170, 184 (4th Cir. 2019) (admission of business records certificates at trial "did not contravene [defendant's] Sixth Amendment confrontation rights"); *United States v. Davis*, No. 3:18-cr-131, 2021 WL 1931871, at *2 (D. Alaska May 13, 2021); *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011) (certifications under Rule 902(11) are not testimonial); *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) ("[W]e hold that *Crawford* does not apply to the foundational evidence authenticating business records in preliminary determinations of admissibility of evidence."); *United States v. Kilpatrick*, No. 10-20403, 20-WL-3236727, at *4 (E.D. Mich. Aug. 7, 2012) ("The

---

[1] Jinhua's argument that the logs were created for litigation has no support. C.S. Chang testified that looked at the USB log because "it was unusual for a user to make a request for a hard disk reformat." Trial Tr. Volume III at 567:16-568:6.

U.S. SUPPL. BR. RE 902(13)
18-CR-00465 MMC                                             1

Confrontation Clause is not implicated when the Court makes a preliminary authentication ruling under [Federal Rule of Evidence] 104.").

Accordingly, the Court is free to consider the OChen declaration for the limited purpose of authenticating the USB log files in P1168. The declaration itself need not be admitted into evidence, or otherwise considered in the case. The declaration is appropriately considered by the Court under Rule 104(a) in making a preliminary determination of admissibility of P1168. Further, the Court could find that the log files in P1168 are authenticated based on the testimony of C.S. Chang and Andrew Crain, which together establish the first two paragraphs of the OChen declaration. To the extent that authentication of the *fact* of extraction is necessary at all, the OChen declaration at Paragraphs 3 and 4 accomplish that without any Confrontation Clause issue, and there has been cross-examination opportunities of Mr. C.S. Chang and the forensic expert, Andrew Crain.

Dated: March 17, 2022

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

_____/s/_____
LAURA VARTAIN HORN
NICHOLAS WALSH
Assistant United States Attorneys

NICHOLAS O. HUNTER
STEPHEN MARZEN
Trial Attorneys, National Security Division